UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Infogation Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Porsche AG,<br><br>Defendant. | Case No. 2:24-cv-350<br><br>Jury Trial Demanded |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Infogation Corporation ("Infogation" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against Porsche AG ("Porsche" or "Defendant"), and alleges, upon information and belief, as follows:

**THE PARTIES**

1. Infogation Corporation is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1409 Constellation Drive, Allen, Texas 75013.

2. Upon information and belief, Porsche is a German corporation with its principal place of business located at Porscheplatz 1, 70435 Stuggart, Germany. Upon information and belief, Porsche does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. This Court has at least specific personal jurisdiction over Porsche because it has substantial contacts and conducts business in the State of Texas and in this District and has been infringing, contributing to the infringement of and/or actively inducing others to infringe claims of the Patents-in-Suit (defined below) in Texas and elsewhere by virtue of its manufacture and importing of automobiles with the Porsche Connect, Porsche Classic Communication Management ("PCCM") and PCCM Plus systems, including through its distributor as advertised on its own website, Porsche Cars North America, Inc. (https://www.porsche.com/), which is redirected to Porsche Cars North America, Inc. website when attempting to buy a car in the USA at https://www.porsche.com/usa/?referrer_url=https%3A%2F%2Fwww.porsche.com%2Finternational%2F.



6. Porsche's control and contractual relationship with Porsche Cars North America, Inc. to sell or at the least import and sell Porsche's products within the United States is alone sufficient to establish minimum contacts with the United States. Porsche, through its website, shows it retains control over directing its customers to its U.S. distributor for the Accused Instrumentalities (defined below).

7. Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its products and services in the State of Texas and in this District.  Defendant has purposefully and voluntarily made its business services, including the infringing systems and services, available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and/or used by consumers in this District.

8. Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as well as under the "alien venue rule." *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706 (1972); *In re HTC Corp.,* 889 F.3d 1349 (Fed. Cir. 2018); Weatherford *Tech. v. Tesco Corp.,* 2018 WL 5315206 at *2-3 (E.D. Tex. Oct. 26, 2018). As noted above, Defendant is a foreign entity which maintains a regular and established business presence in the United States.

## PATENTS-IN-SUIT

9. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent 10,107,628 (the "'628 Patent") and U.S. Patent 6,292,743 (the "'743 Patent") (hereinafter collectively referred to as the "Patents-in-Suit").

10. By written instruments executed, Plaintiff is assigned all rights, title, and interest in the Patents-in-Suit. As such, Plaintiff has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

11. The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

12. The Patents-in-Suit have been cited in over 200 patents issued to well-known industry leaders, including industry giants Toyota, Google, Microsoft, Garmin, Honda, TomTom, Aol, Mapquest, Facebook, Verizon, Sprint, Cisco, Samsung, NEC, Nokia, Alcatel, Pioneer, Phillips, Lucent, IBM, Intel, Motorola, Sony, Toshiba and Kaarta.

13. The Patents-in-Suit each include numerous claims defining distinct inventions. No single claim is representative of any other.

14. The priority date of the '628 Patent is at least as early as August 11, 2007. It generally relates to the area of Global Positioning System (GPS), and, in particular, to navigation on non-

linearly scaled maps and how to display such non-linearly scaled maps with proper colors on a display screen. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine. Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

15. The priority date of the '743 Patent is at least as early as January 6, 1999. It generally relates to a mobile navigation system and apparatus, and more particularly to a distributed navigation system having a wireless connection to a server for calculating optimal routes using real-time data. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine. Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

16. The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Patents-in-Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-Suit. *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

17. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Patents-in-Suit to issue. In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims. *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Patent Examiners had experience in the field of the invention, and that the

Patent Examiners properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

18. The claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art. *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008). Likewise, the claims of the '628 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners. *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

## THE ACCUSED INSTRUMENTALITIES

19. Upon information and belief, Porsche makes, sells, advertises, offers for sale, uses, or otherwise provides an apparatus and method for navigation systems covered by the Patents-in-Suit, including but not limited to, the Porsche Connect, Porsche Classic Communication Management ("PCCM") and PCCM Plus systems included in, or for adaption into, personal vehicles, in all trims and configurations, such as the Porsche 718, 911, Taycan, Panamera, Macan and Cayenne, among other vehicles, including all augmentations to these platforms or descriptions of platforms.

20. Collectively, all the foregoing is referred to herein as the "Accused instrumentalities."



*See* https://www.porsche.com/usa/connect/ **(screenshot of Porsche's website describing and showing the Porsche Connect system with navigation).**



*See* https://www.porsche.com/international/accessoriesandservice/classic/producthighlights/pccm/ **(screenshot of Porsche's website describing and showing the PCCM system with navigation).**

## COUNT I
## Infringement of U.S. Patent No. 10,107,628

21. Plaintiff incorporates the above paragraphs by reference.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT 7

22. Defendant has been on actual notice of the '628 Patent at least as early as the date it received service of the Original Complaint in this litigation.

23. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '628 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

24. Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

25. Defendant has directly infringed and continues to directly infringe the claims of the '628 Patent. As exemplary, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom. More specifically, and on information and belief and as represented in the video found at https://www.porschedelaware.com/blog/how-does-the-navigation-system-in-my-porsche-work/, with respect to the Accused Instrumentalities, Defendant:

- (i) practices and provides downloading from a network into a computing device an artistic map, the artistic map being non-linearly scaled and including various objects being exaggeratedly shown on the computing device to facilitate a user using the computing device to view and select one of the objects to navigate thereto in the artistic map, wherein the computing device is portable, equipped with navigation capability

and provides a traveling guidance based on a geographical map, the artistic map is not used directly by the computing device for navigation, each of the objects is represented by a plurality of points on a display of the computing device, and the geographical map is not being displayed on the display;

- (ii) practices and provides receiving in the computing device a selection on the one of the objects from the user as a selected object;

- (iii) practices and provides determining by the computing device a pair of coordinates for one of the points on the selected object;

- (iv) practices and provides transforming in the computing device the pair of coordinates to a physical point represented by a pair of latitude and longitude in the geographical map not being shown on the display, the points representing the selected object having different pairs of coordinates, but all of the different pairs of coordinates for the selected object corresponding substantially to the physical point when said transforming is performed;

- (v) practices and provides detecting a current location of the computing device in the geographical map; and

- (vi) practices and provides determining according to the geographical map a navigational direction from the current location to the one of the objects being selected; and

- practices and provides showing the navigational direction on the artistic map being displayed.

26. Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes

them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces. Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities. Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner. Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

27. As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

28. Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

29. On information and belief, the infringement of the '628 Patent by Defendant will now be willful through the filing and service of this Complaint. The '628 Patent is not expected to expire before July 26, 2033.

30. In addition or in the alternative, Defendant now has knowledge and continues these actions and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '628 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '628 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing

offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '628 Patent under 35 U.S.C. § 271.

31. Now with knowledge of the '628 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b). Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

32. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

33. Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

34. In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

35. The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '628 Patent.

36. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT II
### Infringement of U.S. Patent No. 6,292,743

37. Plaintiff incorporates the above paragraphs by reference.

38. Defendant has been on actual notice of the '743 Patent at least as early as the date it received service of the Original Complaint in this litigation.

39. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '743 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation, and up to is expiration on January 6, 2019.

40. Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

41. Defendant has directly infringed and continues to directly infringe the claims of the '743 Patent.  As exemplary, Claim 15 is infringed by making, using, importing, selling, and/or

offering for sale the Accused Instrumentalities. Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom. More specifically, and on information and belief and as represented in the video found at https://www.porschedelaware.com/blog/how-does-the-navigation-system-in-my-porsche-work/, with respect to the Accused Instrumentalities, Defendant practices and provides a navigation system which:

- (i) practices and provides a navigation computer;
- (ii) practices and provides a wireless transceiver coupled to said navigation computer for connecting with a navigation server, said navigation server for calculating optimal routes based on real-time information, said optimal routes being formatted using a non-proprietary, natural language description;
- (iii) practices and provides a mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description; and
- (iv) practices and provides a display screen coupled to said navigation computer for displaying said optimal route using said mapping database.

42. Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces. Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance

activities. Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner. Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

43. As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

44. Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

45. On information and belief, the infringement of the '743 Patent by Defendant has been willful as early as 2018 in its application for its own European patent. Upon information and belief, Porsche conducts due diligence of its own systems and products to avoid infringing others' patent rights, and would have discovered the '743 Patent in its due diligence.



**Screenshot of Google Patent search result for patent citations to the '743 Patent**

46. In addition or in the alternative, on information and belief, Defendant has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '743 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests").

47. In addition or in the alternative, Defendant now has knowledge and continues these actions and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '743 Patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '743 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '743 Patent under 35 U.S.C. § 271.

48. Now with knowledge of the '743 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b). Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

49. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

50. Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913,

        932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

51.    In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services. As such, Defendant has been willfully blind to the patent rights of Plaintiff.

52.    The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '743 Patent.

53.    Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Intercurrency Software LLC respectfully requests the Court enter judgment against Defendant as follows:

1.    Declaring that Defendant has infringed the Patents-in-Suit;

2.    Awarding Plaintiff its damages suffered because of Defendant's infringement of the Patents-in-Suit;

3.    Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of the Patents-in-Suit;

4.    Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5. Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

    Respectfully Submitted

    */s/* Christopher A. Honea
    M. Scott Fuller
      Texas Bar No. 24036607
      sfuller@ghiplaw.com
    Randall Garteiser
      Texas Bar No. 24038912
      rgarteiser@ghiplaw.com
    Christopher A. Honea
      Texas Bar No. 24059967
      chonea@ghiplaw.com

    **GARTEISER HONEA, PLLC**
    119 W. Ferguson Street
    Tyler, Texas 75702
    Telephone: (903) 705-7420
    Facsimile: (903) 405-3999

    **ATTORNEYS FOR PLAINTIFF**